**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BLUEFIELD DIVISION**

| | | |
|---|---|---|
| **BEVERLY BAER,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **Civil Action No. 1:14-25697** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending is Petitioner's Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in Federal Custody.[1] (Document No. 1.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 14.) Having examined Petitioner's Section 2241 Application, the undersigned finds, and hereby respectfully recommends, that Petitioner's Application should be dismissed.

**FACT AND PROCEDURE**

**A.     Criminal Action No. 1:11-cr-00104:**

On April 11, 2011, Petitioner was convicted in the Western District of New York of "Conspiracy to Possess with Intent to Distribute and Distribution of 500 Grams or More of Cocaine" in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 846; and "Possession of a Firearm in Furtherance of a Drug Trafficking Crime" in violation of 18 U.S.C. § 924(c)(1)(A)(i). United Statement v. Baer, Case No. 1:11-cr-00104 (W.D.N.Y. July 27, 2011), Document No. 12.

---

[1]     Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

On July 27, 2011, the District Court ordered that Petitioner serve "54 months as to Count 1, and 60 months as to Count 2 to run consecutive to Count 1, for a total of 114 months." Id., Document No. 22. Petitioner did not file an appeal of her conviction or sentence.

**B.     Section 2255 Motion:**

On May 22, 2012, Petitioner filed in the Western District of New York a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. Id., Document No. 25. In her Motion, Petitioner asserted that trial counsel was ineffective based on the following: (1) Counsel rushed her into a decision without explaining the risks and benefits of the plea agreement; (2) Counsel failed to obtain a more favorable plea agreement; (3) Counsel held her "mental hostage due to [her] lack of understanding of the plea agreement and lack of comprehension due to her neurological mental issues;" (4) Counsel had a conflict of interest arising out of his representation of Petitioner's associates in the Chosen Few Motorcycle Club; (5) Counsel failed to effectively advocate on her behalf at sentencing; (6) Counsel failed to move to suppress evidence obtained during the search of her home; (7) Counsel failed to argue that the guns in the home were for protection and were a sentimental gift for her son; and (8) Counsel failed to object on the ground that a mandatory minimum sentence was unconstitutional. Id. The United States filed its Response on July 27, 2012. Id., Document No. 32. Petitioner filed her Reply on September 27, 2012. Id., Document No. 36. By "Decision and Order" entered on May 22, 2013, the District Court denied Petitioner's Section 2255 Motion. Id., Document No. 37.

**C.     Motion to Reduce Sentence:**

On August 4, 2014, and June 1, 2015, Petitioner filed in the Western District of New York her Motions to Reduce Sentence. Id., Document Nos. 38 and 39. On July 1, 2015, the

United States filed its Response. Id., Document No. 41. Petitioner filed her Reply on July 10, 2015. Id., Document No. 42. By Order entered on August 6, 2015, the District Court granted Petitioner's Motion and reduced Petitioner's sentence from 54 months to 33 months as to Count 1. Id., Document No. 43. The District Court further directed that "[i]f defendant has already served 33 months imprisonment on Count 1 as of November 2, 2015, defendant's sentence is reduced to from 54 months on Count 1 to 'time serve' on Count 1 as of November 2, 2015." Id.

**D.      Section 2241 Petition:**

On September 11, 2014, Petitioner filed her instant Petition requesting relief under 28 U.S.C. § 2241. (Civil Action No. 1:14-25697, Document No. 1.) Petitioner alleges that she is actually innocent of her firearm conviction under 18 U.S.C. § 924(c) based upon Alleyne v. United States, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013). (Id., Document Nos. 1 and 2.) Petitioner further states that she is entitled to *habeas* relief based upon ineffective assistance of counsel. (Id.) In support, Petitioner explains that "[t]he guns that were in possession of the Petitioner were guns that were legal in the State of New York and were passed on from father to son after the father became deceased." (Document No. 2, p. 3.) Petitioner argues the "guns were hunting guns" and "were stored in cases and were unloaded." (Id.) Petitioner states that "[t]hese two guns were being used to protect the family and their home from the harassment and threats by the local motorcycle gang that the DEA used as their informant." (Id.) Petitioner contends that she is innocence of her Section 924(c) conviction because "[t]here is no indication by the government that the firearms were in the possession of the Petitioner in any instance." (Id., p. 4.) Petitioner claims that "at the time the search warrant was executed, Petitioner was asleep and had no immediate access to the hunting guns." (Id., p. 4.) Thus, Petitioner states that "[t]he elements

3

of the statute were not met to indict or convict Petitioner as she possessed legal firearms in the State of New York, she did not carry or use any firearm during and in relation to a drug crime, and she was not convicted as a felon previously that would have made it unlawful for her to have a registered firearm." (Id.) Petitioner asserts that "[i]n light of Alleyne it is unlikely the jury would have found the Petitioner guilty of 18 U.S.C. § 924(c). (Id., p. 5.)

Next, Petitioner complains that "ineffectiveness of defense counsel began at the Information stage when he did not have a proper understanding of the statute of elements regarding 18 U.S.C. § 924(c), and this misunderstand of the law caused harm to Petitioner." (Id., p. 6.) Petitioner further contends that "[d]efense counsel did not move to suppress the interrogation with Petitioner and the government which occurred while she was high on several drugs and prescription medications, and she was not represented by counsel at that particular time." (Id.) Petitioner argues that she was prejudiced by the foregoing. (Id.) Petitioner concludes that "putting the Indictment . . . in front of a jury to decide if she met the elements of § 924(c) in accordance with Alleyne, no jury would have found Petitioner guilty nor would they have found defense counsel effective in his representation of Petitioner." (Id., p. 8.) As relief, Petitioner requests that her Section 2241 Petition be granted, "her conviction be reversed, her release be ordered as she has served the time for the 54 month sentence, and any further relief this Court deems just and proper." (Id.)

## ANALYSIS

In considering an inmate's application for *habeas* relief under 28 U.S.C. § 2241, the Court must consider whether the inmate is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Rose v. Hodges, 423 U.S. 19, 21, 96 S.Ct.

175, 177, 46 L.Ed.2d 162 (1975). The Court notes that Section 2241 is merely a general grant of *habeas corpus* authority. See Medberry v. Crosby, 351 F.3d 1049, 1062 (11th Cir. 2003). More specific grants of *habeas corpus* authority are found in 28 U.S.C. § 2254 (state prisoners) and 28 U.S.C. § 2255 (federal prisoners). See Thomas v. Crosby, 371 F.3d 782, 785 (11th Cir. 2004). Section 2255 is the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000). The remedy under Section 2241 is not an additional, alternative or supplemental remedy to that prescribed under Section 2255. Rather, Section 2241 applies to circumstances factually quite different from those properly considered under Section 2255. While the validity of Petitioner's conviction and/or sentence is in issue under Section 2255, matters pertaining to Petitioner's "commitment or detention" are properly the subject under 28 U.S.C. § 2241. See 28 U.S.C. § 2242. Thus, in addition to those very narrow circumstances under which Section 2255 is "inadequate and ineffective," issues arising out of the allegedly unlawful or incorrect computation of Petitioner's sentence and resulting in an unconstitutional restraint upon his liberty are properly considered under 28 U.S.C. § 2241. Allegations that a federal conviction or sentence is invalid are therefore appropriately considered under Section 2255, and allegations respecting the execution of a federal sentence are properly considered under Section 2241. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

In view of the nature of the claims, the undersigned finds Petitioner's claims are ones properly considered under Section 2255, not Section 2241. Essentially, Petitioner challenges the

validity of her sentence and conviction as imposed by the Western District of New York. Specifically, Petitioner contends that the underlying facts do no support her conviction for possession of a firearm under Section 924(c). Petitioner further alleges that she was subjected to ineffective assistance of trial counsel. Petitioner, therefore, requests that this Court reverse her conviction and order her immediate release from custody. Accordingly, the undersigned will briefly consider Petitioner's claims under Section 2255 for the sole purpose of determining whether the instant Section 2241 Application should be (1) dismissed, or (2) construed as a Section 2255 Motion and transferred to the appropriate jurisdiction. See Pack, 218 F.3d at 452.

It is quite clear from the language in the first paragraph of 28 U.S.C. § 2255 that Motions thereunder must be filed in the sentencing Court. The first paragraph of 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence to vacate, set aside or correct the sentence.*

(Emphasis added.) Viewing Petitioner's Application as a Section 2255 Motion, it is clear that this District Court lacks jurisdiction to consider it. Rather, jurisdiction is properly in the Western District of New York. While a Section 2255 Motion filed in a Court other than the sentencing Court should be transferred to the Court which sentenced the petitioner, Petitioner's instant Application should not be construed and transferred as a Section 2255 Motion because Petitioner has proceeded under Section 2255 in the sentencing Court at least once before and has not obtained certification/authorization to file a second or successive Motion from the First Circuit

6

Court of Appeals.[2]

To the extent Petitioner is claiming that Section 2255 is inadequate or ineffective, the undersigned will consider her claims under Section 2241. Although a Section 2255 Motion is the proper vehicle for challenging a federal conviction or sentence, Section 2241 may be used by a federal prisoner to challenge the legality of her conviction or sentence if she can satisfy the mandates of the Section 2255 "savings clause." Section 2255 contains a "savings clause" that allows an individual to file a petition challenging her conviction or sentence in a venue other than the sentencing court if the Petitioner can establish that her remedy under Section 2255 is "inadequate or ineffective." In re Jones, 226 F.3d at 333("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not

---

[2]   Under the Antiterrorism and Effective Death Penalty Act [AEDPA] Amendments to 28 U.S.C. § 2255 "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." To obtain certification from the Court of Appeals, the Petitioner must demonstrate that the Motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Nevertheless, this Court need not reach the issue of whether Petitioner's Motion actually contains newly discovered evidence or presents a new rule of constitutional law. "[B]efore a prisoner can pursue a qualifying 'second or successive' 2255 Petition, she must obtain authorization from the court of appeals." 28 U.S.C. § 2244(b)(3)(A); also see Trenkler v. United States, 536 F.3d 85, 96 (1st Cir. 2008).

render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va.)(Chief Judge Haden), aff'd, 291 F.3d 257 (4th Cir. 2001), cert. denied, 537 U.S. 938, 123 S.Ct. 46, 154 L.Ed.2d 242 (2002). The Fourth Circuit has stated that "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." In re Jones, 226 F.3d at 333-34.

Based upon the foregoing, the undersigned concludes Petitioner has not demonstrated and cannot demonstrate that Section 2255 was inadequate or ineffective such that she could resort to Section 2241. The undersigned finds that Petitioner's challenge to the validity of her conviction based upon Alleyne does not meet the requirements of the saving clause. Petitioner appears to allege that Alleyne establishes her actual innocence. Petitioner's reliance on Alleyne, however, is misplaced. In Alleyne, the Supreme Court held that any fact increasing the mandatory minimum penalty for an offense must be alleged in the indictment and proven beyond a reasonable doubt to a jury. Alleyne v. United States, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013). The record reveals that Petitioner pled guilty to her underlying firearm charge and agreed to the "Factual Basis" set forth in the Plea Agreement.[3] The undersigned,

---

[3]    As to her Section 924(c) conviction, Petitioner agreed to the following "Factual Basis:"
         At the time of the defendant's husband's death, he possessed approximately thirteen (13) firearms. After her husband's death, the defendant kept each of these firearms, in part for protection in the event someone tried to rob her of, among other things, the cocaine she maintained in her apartment; keeping approximately ten of them in the closet where she stored her cocaine, and three

therefore, finds that Alleyne does not establish Petitioner's actual innocence. Furthermore, both the Fourth and First Circuits have determined that *Alleyne* is not retroactive for purposes of collateral review. United States v. Stewart, 2013 WL 5397401 (4th Cir. Sep. 27, 2013)("*Alleyne* has not been made retroactively applicable to cases on collateral review."); Butterworth v. United States, 775 F.3d 459 (1st Cir. 2015); also see United States v. Redd, 735 F.3d 88 (2nd Cir. 2013); Simpson v. United States, 721 F.3d 875 (7th Cir. 2013); Manning v. United States, 2013 WL 5890722 (W.D.Va. Oct. 31, 2013); Muhammad v. Purdue, 2013 WL 4508870 (N.D.W.Va. Aug. 23, 2013); United States v. Reyes, 2013 WL 4042508 (E.D.Pa. Aug. 8, 2013); United States v. Eziolisa, 2013 WL 3812087 (S.D.Ohio July 22, 2013). Finally, as stated above, Section 2255 is not rendered inadequate or ineffective merely because an individual is barred procedurally or by the gatekeeping requirements of Section 2255. Therefore, Petitioner has failed to sustain her burden of showing the inadequacy or ineffectiveness of a Section 2255 Motion and her Section 2241 Petition should be dismissed.

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Petitioner's Motion to Proceed Without Prepayment of Fees and Costs (Document No. 8), **DISMISS** Petitioner's Application for Writ of *Habeas Corpus* by a Person in Federal Custody Pursuant to 28 U.S.C. § 2241 (Document No. 1) and **REMOVE** this matter from the Court's docket.

---

to four feet away from the large tin can in which she kept cocaine prepackaged for distribution to her customers.
*Baer*, Case No. 1:11-cr-00104, Document No. 12, p. 4.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

ENTER: February 3, 2016.

Omar J. Aboulhosn
United States Magistrate Judge